## BYERLEY v. PHILIP CAREY CO.

(District Court, D. New Jersey.   July 7, 1915.)

No. 6138.

1. PATENTS ☞259—INFRINGEMENT—SUFFICIENCY OF PROOF.

    A defendant cannot be held chargeable with infringement for purchasing and using an infringing product, where it is not shown that the patentee's product was marked, or that defendant had notice of his rights.

    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 400–402; Dec. Dig. ☞259.]

2. PATENTS ☞328—INFRINGEMENT.

    Evidence *held* insufficient to establish infringement of the Byerley patent, No. 524,130, for a process of making asphaltic products from the residuum of petroleum after distillation and the products themselves.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by Francis A. Byerley, executor, Francis A. Byerley, trustee, and Francis A. Byerley, against the Philip Carey Company. On final hearing. Decree for defendant.

Fish, Richardson, Herrick & Neave, of Boston, Mass., for plaintiff.
Kenyon & Kenyon, of New York City, for defendant.

ORR, District Judge (specially presiding). This is an ordinary patent case, in which the plaintiffs charge the defendant with the infringement of the Byerley patent, No. 524,130, issued by the United States on August 7, A. D. 1894. That patent was the subject of litigation, and was sustained by the District Court of the Western District of Pennsylvania in Byerley v. Sun Co. (C. C.) 181 Fed. 138, and by the Circuit Court of Appeals of the Third Circuit, in affirmance of the decision of the court last mentioned, in Byerley v. Sun Company, 184 Fed. 455, 106 C. C. A. 537. The patent expired August 7, 1911. The bill in this case was filed April 21, 1911. The question before the court is whether or not the defendant has infringed the product or process claims of said patent. It is unnecessary to recite these claims, because the suit must be dismissed because of a failure by the plaintiffs to prove infringement.

[1] The evidence discloses that the defendant purchased from the Sun Company, from time to time within six years of the date of filing the bill, a certain product of the Sun Company called "Hydrolene B," which product was an infringement of the product of the plaintiffs called "Byerlyte." There is no evidence in the case that the plaintiffs marked their product as patented, and there is no evidence in the case that the defendant ever received notice that the merchandise purchased by defendant from the Sun Company was an infringement of the plaintiffs' product, and there is no evidence in the case that the defendant purchased any of the "Hydrolene B" from the Sun Company after the date of the filing of the bill. Without notice or knowledge of the rights of the plaintiffs, the defendant cannot be held guilty of the tort of infringement.

[2] With respect to the process claims also the plaintiffs failed in their proof of infringement. The plaintiffs offered evidence tending to show that a considerable time before the expiration of the patent a man connected with a manufacturing plant at Rockland, near Cincinnati, in the state of Ohio, admitted that in that plant there was being manufactured asphalt from petroleum residuum by the air-blown process. But such evidence did not, however, go to the extent of proving that the defendant was engaged in such manufacture. The plant at Rockland is owned by an Ohio corporation called the Philip Carey Manufacturing Company, which is a corporate entity separate and distinct from the defendant in this case. Moreover, the evidence introduced does not satisfy the court that even the Philip Carey Manufacturing Company had such notice of the Byerley patent as would warrant a recovery against it for the infringement thereof. The burden of proving notice and infringement has not been sustained by the plaintiffs.

The plaintiffs were surprised at the testimony offered on the part of the defendant, and requested a continuance of the case in order that opportunity be had to meet the evidence. The court refused to grant such continuance, believing that the reason for the application was not sufficient. Had plaintiffs been surprised at the testimony of their own witnesses, a different question would have arisen.

The bill in this case must be dismissed, at plaintiffs' cost.